IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LISA FEATHER, STANLEY BEIERMANN, and HOLLY PYATT, on behalf of herself, individually, and on behalf of all others similarly situated, and on behalf of the SSM PENSION PLANS,<br><br>    Plaintiffs,<br><br>v.<br><br>SSM HEALTH, a Missouri Non-profit Corporation, THE PENSION COMMITTEE FOR THE RETIREMENT PLAN FOR SSM EMPLOYEES, JOHN and JANE DOES 1-20, MEMBERS OF THE PENSION COMMITTEE FOR THE RETIREMENT PLAN FOR SSM EMPLOYEES, each an individual, and JOHN and JANE DOES 21-40, each an individual,<br><br>    Defendants. | No. 4:16-cv-01669-HEA |

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT**

COME NOW, Defendants SSM Health,[1] The Pension Committee for the Retirement Plan for SSM Employees, and John and Jane Does 1-20, Members of the Pension Committee for the Retirement Plan for SSM Employees, and John and Jane Does 21-40 (collectively "SSM Health") by and through counsel, and hereby submit Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted.

1.      Plaintiffs Lisa Feather, Stanley Beiermann, and Holly Pyatt ("Plaintiffs") filed a First Amended Complaint ("FAC"), alleging that that SSM Health's pension plans are not "church plans" under Section 3(33) of the Employee Retirement Income Security Act of 1974

---

[1] SSM Health is the d/b/a for SSM Health Care Corporation, the proper defendant.

("ERISA") and thus are not exempt from ERISA. The FAC alleges eight counts of violations of ERISA (Counts I-VIII). In the alternative, Plaintiffs allege that extending the church plan exemption to SSM Health violates the Establishment Clause of the First Amendment (Count IX). Finally, Plaintiffs allege two state law claims against SSM Health (Breach of Contract, Count X, and Unjust Enrichment, Count XI) and a breach of fiduciary duty against the SSM Health Care Pension Committee ("Pension Committee") (Count XII).

2. The FAC should be dismissed under Rule 12(b)(1) because Plaintiffs lack standing under Article III of the Constitution.

3. Plaintiffs have no actual injury and thus lack constitutional standing. *See Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 546 (5th Cir. 2016), *cert. denied sub nom. Pundt v. Verizon Commc'ns, Inc.*, 137 S. Ct. 1374 (2017). Plaintiffs' claims of future risk are too speculative to create an injury in fact. *See In re SuperValu, Inc.*, 870 F.3d 763, 771 (8th Cir. Aug. 30, 2017). Therefore, all counts of the FAC should be dismissed for lack of standing.

4. If this Court determines the Plaintiffs have standing to bring any of their individual claims, each count should also be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

5. Counts I-XIII should be dismissed because Plaintiffs' legal theory that ERISA applies to SSM Health's plans fail as a matter of law. SSM Health is a Roman Catholic institution, and its plans are administered by a principal-purpose organization, the Pension Committee. Therefore, the plans are church plans exempt from ERISA. *See Advocate Health Care Network v. Stapleton*, 137 S. Ct. 1652, 1657 (2017).

6. Count IX should be dismissed because, as the Supreme Court implicitly recognized in *Advocate*, the church plan exemption is constitutional as extended to SSM Health.

7. Count X should be dismissed because Plaintiffs have not and cannot plead the elements of breach of contract. Plaintiffs have not and cannot point to a provision of the plans that SSM Health breached. *See Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC*, 784 F.3d 1183, 1188 (8th Cir. 2015), *reh'g denied* (June 9, 2015). SSM Health has no contractual duty to Plaintiffs concerning the funding level of its pension plans.

8. Count XI should be dismissed because Plaintiffs cannot craft into the plans a new requirement to fund the plans at the levels Plaintiffs seek, through a claim of unjust enrichment. *See Affordable Communities of Missouri v. Fed. Nat. Mortg. Ass'n*, 714 F.3d 1069, 1077 (8th Cir. 2013).

9. Count XII should be dismissed because Plaintiffs have failed to plausibly allege a breach of fiduciary duty. According to the trust document, the Pension Committee does not owe the duty allegedly breached.

10. SSM Health hereby incorporates by reference Exhibits A through J and the Memorandum in Support of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, which more full explains why the FAC should be dismissed with prejudice under Rules 12(b)(1) and 12(b)(6).

WHEREFORE, SSM Health respectfully requests this Court enter an order granting Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted and for such further relief as this Court deems just and proper.

Dated: November 6, 2017  Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.


By    /s/ _Amy L. Blaisdell_____
Amy L. Blaisdell, Mo. No. 51068
apb@greensfelder.com
Daniel J. Schwartz, Mo. No. 26202
djs@greensfelder.com
Heather M. Mehta, Mo. No. 64026
hmm@greensfelder.com
10 South Broadway, Suite 2000
St. Louis, Missouri 63102
Telephone:  314-241-9090
Facsimile:  314-345-4792

*Counsel for Defendants*


**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on the 6th day of November, 2017, a copy of the foregoing was filed with the Court and served upon all attorneys in this case using the Court's CM/ECF system.


_____/s/ Amy L. Blaisdell_____