## OPINION
## WITH RESPECT TO COUNT IX OF PLAINTIFFS' FIRST AMENDED COMPLAINT

### The "Church Plan" Exemption Is A Reasonable Accommodation Of Religion Under Settled Establishment Clause Jurisprudence.

The "church plan" exemption is a permissible accommodation of religion, as it has a secular legislative purpose, neither advances nor hinders religion, and avoids excessive government entanglement with religion. *See Lemon v. Kurtzman*, 403 U.S. 602, 612-13 (1971). The Supreme Court has concluded that comparable exemptions for religious institutions from similarly complex and detailed regulatory schemes are constitutional, applying the three-part test identified in *Lemon*. In *Corp. of Presiding Bishop of Church of Jesus Christ of Latter-day Saints v. Amos*, 483 U.S. 327, 340 (1987), for example, the Supreme Court upheld an amendment to Title VII of the Civil Rights Act of 1964, which provides an exemption for religious organizations regarding discrimination in employment on the basis of religion, even in their secular non-profit activities. *See* 42 U.S.C. § 2000e-1. *Amos*, among other Supreme Court authority, stands for the general principle that the government does not violate the Establishment Clause when it exempts religious institutions from burdens imposed by generally applicable laws that could cause the government to intrude into the religious practices or affairs of individuals, churches, and affiliated non-profit entities. *See, e.g., Amos*, 483 U.S. at 334-40; *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. EEOC*, 565 U.S. 171, 188-196 (2012) (recognizing a "ministerial exception" from anti-discrimination laws to accommodate religious employers' ability to select who will convey the church's message and carry out its mission"; *Cutter*, 544 U.S. at 720 (upholding Section 3 of the Religious Land Use and Institutionalized Persons Act that limits the government's ability to impose burdens on prisoners' religious practices as a "permissible legislative accommodation of religion that is not barred by the Establishment Clause"; *Walz*, 397 U.S. at 675-76, 679-80

3

(upholding a New York statute exempting real property owned by associations organized exclusively for religious purposes from property taxes).

As challenged in this case (and, indeed, more generally), the church plan exemption does not favor or endorse one particular religious group over another. In fact, the church plan exemption does not promote religion at all, but rather is designed to ensure that the government does not become excessively entangled in the internal affairs or decision-making of religious groups. The exemption balances well the concerns animating the religion clauses, putting it squarely within the scope of the "play in the joints" recognized repeatedly by the Supreme Court as a key element of how the government may permissibly interact with religiously oriented entities. The church plan exemption has a valid secular legislative purpose (i.e., to accommodate the exercise of religion and ensure neutrality among different religious denominations); it has the effect of neither advancing nor inhibiting religion; and it does not require the government to become excessively entangled in the internal affairs of religious groups or doctrinal disputes. Because it satisfies the three part test set forth in *Lemon*, 403 U.S. at 612-13, the church plan exemption as applied to Defendants is constitutional.

4

[Proposed] ORDER

[Having disposed of all antecedent jurisdictional and statutory questions, and upon finding that the Court has jurisdiction over this matter, including over Count IX of Plaintiffs' First Amended Complaint, and that Defendant, SSM Health is a "church plan" for purposes of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(33),] the Court hereby GRANTS Defendant's motion to dismiss with respect to Count IX of Plaintiffs' First Amended Complaint. The "church plan" exemption is a permissible accommodation of religion, as it has a secular legislative purpose, neither advances nor hinders religion, and avoids excessive government entanglement with religion. *See Lemon v. Kurtzman*, 403 U.S. 602, 612-13 (1971).

IT IS SO ORDERED.

DATE: 4-23-18

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LISA FEATHER, STANLEY BEIERMANN, and HOLLY PYATT, on behalf of themselves, and all others similarly situated, and on behalf of SSM PENSION PLANS, *Plaintiffs*, v. SSM HEALTH CARE CORPORATION d/b/a SSM HEALTH, a Missouri non-profit corporation, *et al.*, *Defendants*. | No. 4:16-cv-01659-HEA **OPINION & ORDER WITH RESPECT TO COUNT IX OF PLAINTIFFS' FIRST AMENDED COMPLAINT** |

As directed by the Court in Minutes for the Civil Proceeding held on April 3, 2018 (ECF No. 97), the United States hereby submits the following proposed opinion & order with respect to Count IX of Plaintiffs' First Amended Complaint (ECF No. 78). The Court should address Count IX only if it disposes of all antecedent jurisdictional and statutory questions, including satisfying itself that it has jurisdiction over this matter, including over Count IX of Plaintiffs' First Amended Complaint, and finding that Defendant, SSM Health is a "church plan" for purposes of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(33).

Dated: April 11, 2018

Respectfully Submitted,

CHAD A. READLER
Acting Assistant Attorney General

JUDRY L. SUBAR

Assistant Director, Federal Programs
Branch

/s/ *Emily S. Newton*
EMILY S. NEWTON (Va. Bar #80745)
BRADLEY H. COHEN (DC Bar #495145)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20530
phone: (202) 305-8356
fax: (202) 616-8470
email: emily.s.newton@usdoj.gov

*Counsel for the United States of America*