UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LISA FEATHER, STANLEY BEIERMANN, and HOLLY PYATT, on behalf of herself, individually, and on behalf of all others similarly situated, and on behalf of the SSM PENSION PLANS, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:16CV1669HEA |
| SSM HEALTH, a Missouri Non-profit Corporation, THE PENSION COMMITTEE FOR THE RETIREMENT PLAN FOR SSM EMPLOYEES, JOHN and JANE DOES 1-20, MEMBERS OF THE PENSION COMMITTEE FOR THE RETIREMENT PLAN FOR SSM EMPLOYEES, each an individual, and JOHN and JANE DOES 21-40, each an individual, Defendants. | ) ) ) ) ) ) ) ) ) ) | |

## **OPINION, MEMORANDUM AND ORDER**

### Introduction

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint. [Doc. No. 82]. Plaintiffs filed an Opposition to the Motion. Defendants filed a Reply. The Court heard oral arguments during a Special Session of Court at De Smet Jesuit High School on April 3, 2018. For the reasons set forth below, the Motion is granted.

### **Facts and Background**

The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., regulates plans established or maintained by an employer. ERISA, however, exempts certain plans from its coverage, including church plans, as defined in ERISA § 3(33), 29 U.S.C. § 1002(33). 29 U.S.C. § 1003(b)(2). This is one of dozens of similar cases in which plaintiffs challenge whether a plan sponsored by a religiously affiliated hospital meets the requirements to be a church plan.

Defendant SSM Health[1] is a tax-exempt, non-profit organization organized under the laws of the State of Missouri. SSM Health dates back to 1874 when the Sisters of Saint Mary (now the Franciscan Sisters of Mary) established a civil law organization bearing its name. In 1982, this organization became the corporation now known as SSM Health. In 2013, SSM Health Ministries, a public juridic person of the Roman Catholic Church, succeeded the Franciscan Sisters of Mary in its role overseeing the health system. SSM Health's Articles of Incorporation require it to be operated "in accordance with . . . the teachings and mission of the Roman Catholic Church."

SSM Health sponsors three defined benefit pension plans: the Retirement Plan for Employees of SSM Health Care, the Retirement Plan for Employees of St. Mary's Hospital, Centralia, Illinois, and the Retirement Plan for Employees of

---

[1] SSM Health is a fictitious name under which SSM Health Care Corporation does business.

Certain Illinois Entities Related to SSM Health Care ("Plans"). The assets of the Plans are held in the SSM Health Care System Master Pension Trust ("Trust"). SSM Health's 2016 Audited Financial Statements show that the Trust has $1.39 billion in assets and SSM Health's qualified plans, including the Plans at issue here, have $2.16 billion in liabilities.

Defendant SSM Health Care Pension Committee ("Pension Committee") is the Plan Administrator of the Plans. SSM Health's board of directors appoints the members of the Pension Committee. As the Plan Administrator, the Pension Committee has the full and complete authority, responsibility, and control in its sole and absolute discretion over the administration of the Plans.

Plaintiffs Lisa Feather, Stanley Beiermann, and Holly Pyatt are former employees and participants in the Plans.

Plaintiffs initially filed this case in the United States District Court for the Southern District of Illinois on April 8, 2016. Defendants' motion to transfer the case to this Court pursuant to a forum selection clause was granted on October 25, 2016. On December 7, 2016, Defendants moved to stay the case pending the Supreme Court's resolution of three consolidated church plan cases, *Advocate Health Care Network v. Stapleton*, 137 S. Ct. 1652, 198 L. Ed. 2d 96 (2017). This Court granted the stay. After the Supreme Court resolved the primary legal issue in

this case, Plaintiffs filed a First Amended Complaint ("FAC") on September 6, 2017, adding three state law claims.

Plaintiffs' FAC alleges the following: Defendants have violated ERISA by treating the Plans as exempt church plans (Count I); the Pension Committee has violated ERISA's reporting and disclosure provisions (Count II); SSM Health has failed to provide minimum funding (Count III); SSM Health and the Pension Committee violated ERISA when offering improperly calculated lump sum benefits (Count IV); SSM Health failed to establish the Plans under written instruments compliant with ERISA (Count V); SSM Health failed to establish a trust compliant with ERISA (Count VI); Plaintiffs' benefits under ERISA should be clarified (Count VII); Defendants breached their ERISA fiduciary duties (Count VIII); the church plan exemption as applied to SSM Health is unconstitutional (Count IX); breach of contract against SSM Health (Count X); unjust enrichment against SSM Health (Count XI); and breach of common law fiduciary duty against the Pension Committee (Count XII).

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing and, alternatively, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

**Standard**

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may be either a "facial" challenge based on the face of the pleadings, or a "factual" challenge, in which the court considers matters outside the pleadings. *See Titus v. Sullivan,* 4 F.3d 590, 593 (8th Cir.1993); *Osborn v. United States,* 918 F.2d 724, 729 n. 6 (8th Cir.1990). When a party makes a facial challenge, as Defendants do here, "the court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015) (quoting *Osborn*, 918 F.2d at 729, n.6).

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989)). To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In evaluating a motion to dismiss, the court can "choose to begin by

identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679. Turning to any "well-pleaded factual allegations," the court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

On a "motion to dismiss, a court may consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record.'" *U.S. ex rel. Kraxberger v. Kansas City Power & Light Co.*, 756 F.3d 1075, 1083 (8th Cir. 2014) (quoting *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n. 3 (8th Cir. 2012)). The FAC specifically references the plan documents, the Trust, the summary plan description, and SSM Health's Audited Financial Statements. *See Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014) (finding agreements "embraced by" the complaint were appropriately considered on a motion to dismiss). The Articles of Incorporation of SSM Health and the Articles of Agreement of its predecessor, the Sisters of Saint Mary, are public records. The Court will consider these materials in deciding the Motion.

SSM Health attached to its Motion a decree issued by the Congregation for Institutes of Consecrated Life and Societies of Apostolic Life, a branch of the Holy See (the central governing body of the Roman Catholic Church). The decree grants public juridic personality to SSM Health Ministries and approves its canonical statutes. A public juridic person is the canon-law equivalent of a corporation. *See*

*Medina v. Catholic Health Initiatives*, 877 F.3d 1213, 1222 (10th Cir. 2017). Plaintiffs argue that the decree is not subject to judicial notice because it was issued by a non-party (an institute of the Vatican) to another non-party (the Franciscan Sisters of Mary) and because they dispute its significance (although they do not explain how they dispute it). Plaintiffs also argue that SSM Health Ministries is not a church and is distinct from the Catholic Church.

In *McCarthy v. Fuller*, the Seventh Circuit ordered the district court to take judicial notice of a statement from the Congregation for Institutes of Consecrated Life and Societies of Apostolic Life regarding a person's status in the Roman Catholic Church on the ground that a secular court has no authority to take sides on issues of religious doctrine. 714 F.3d 971, 975-76 (7th Cir. 2013) (citing *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C.*, 565 U.S. 171, 181-91 (2012); *Serbian Eastern Orthodox Diocese v. Milivojevich,* 426 U.S. 696, 708-20 (1976); *Kedroff v. St. Nicholas Cathedral,* 344 U.S. 94, 115-16 (1952); *Askew v. Trustees of General Assembly of Church of the Lord Jesus Christ of the Apostolic Faith Inc.,* 684 F.3d 413, 415 (3d Cir. 2012)). Plaintiffs attempt to distinguish *McCarthy* by arguing that they are not questioning church doctrine or any entity's status within the Roman Catholic Church. But in *McCarthy*, the district court wanted to let the jury—instead of the Holy See—decide whether a woman could call herself a Catholic sister. Here, Plaintiffs want a civil court to decide whether

SSM Health Ministries is a Catholic organization and part of the Church. For the same constitutional reasons articulated in *McCarthy*, this Court will take judicial notice of the decree regarding SSM Health Ministries.

## Discussion

**Standing under 12(b)(1)**

Under Article III, § 2 of the United States Constitution, federal jurisdiction is limited to "Cases" and "Controversies." U.S. Const. Art. III, § 2. "'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). The "irreducible constitutional minimum" of standing consists of three elements. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560-61). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)). Where a case is at the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating each element." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Arizona Christian Sch. Tuition Org. v. Winn,* 563 U.S. 125, 134 (2011) (quoting *Lujan,* 504 U.S. at 560-61). An injury-in-fact must be "particularized," meaning it "affect[s] the plaintiff in a personal and individual way." *Spokeo*, 136 S.Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560 n.1). A "concrete" injury must be "*de facto*," "must actually exist" and must not be "abstract." *Id*. "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 1549. Alleging "a bare procedural violation, divorced from any concrete harm" fails to "satisfy the injury-in-fact requirement of Article III." *Id.*; *see also Braitberg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 930 (8th Cir. 2016). If a plaintiff alleges an imminent, rather than actual, injury, the plaintiff must demonstrate that "the threatened injury is 'certainly impending,' or there is a '"substantial risk" that the harm will occur.'" *In re SuperValu, Inc.*, 870 F.3d 763, 769 (8th Cir. 2017) (quoting *Susan B. Anthony List v. Driehaus*, ⎯⎯ U.S. ⎯⎯, 134 S.Ct. 2334, 2341 (2014)). Allegations of possible future injury or speculative or hypothetical risks are insufficient. *Id.* at 771 (citing *Clapper*, 568 U.S. at 409; *Braitberg*, 836 F.3d at 930).

Plaintiffs bring various claims under ERISA §§ 502(a)(2) and (a)(3), 29 U.S.C. §§ 1132(a)(2) and (a)(3).[2] Plaintiffs allege that SSM Health and the Pension Committee breached their ERISA fiduciary duties, resulting in the Plans being underfunded (Counts I, III, and VIII). They also allege SSM Health has violated procedural provisions of ERISA (Counts II, IV, V, VI, and VII). In the alternative, Plaintiffs bring constitutional (Count IX) and state law claims (Counts X-XII).

**Counts I, III, and VIII**

The Plans are defined benefit pension plans. Defined benefit plans consist of a general pool of assets, and participants have an interest only in their individual benefits and not the corpus of the trust. *See Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 439 (1999). The employer bears the risk of any funding shortfall. *Id.* The Eighth Circuit has found that a participant in an overfunded defined benefit plan does not have an injury because their benefits are not affected. *Thole v. U.S. Bank, Nat'l Ass'n*, 873 F.3d 617, 630 (8th Cir. 2017); *McCullough v. AEGON USA Inc.*, 585 F.3d 1082, 1084-85 (8th Cir. 2009); *Harley v. Minn. Mining & Mfg. Co.*, 284 F.3d 901, 906 (8th Cir. 2002).[3] However, this does not mean that participants have

---

[2] For four of their claims, Counts II, III, V, and VI, Plaintiffs do not plead a section of ERISA that would allow them to sue for the alleged violations. On the face of the FAC, Plaintiffs have not pled that they are part of a class of plaintiffs entitled to sue under the statute and thus have statutory standing.

[3] The Eighth Circuit held that 29 U.S.C. §§ 1132(a)(2) and (a)(3) do not permit a participant in a defined benefit plan to bring suit claiming liability for alleged breaches of fiduciary duties when

an injury if a plan is less than 100% funded. *See, e.g.*, *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 546-47 (5th Cir. 2016), *cert. denied sub nom. Pundt v. Verizon Commc'ns, Inc.*, 137 S. Ct. 1374, 197 L. Ed. 2d 568 (2017) (finding participants did not have standing when a plan was 66% actuarially funded).

Here, Plaintiffs allege in Counts I, III, and VIII, that SSM Health has failed to make sufficient contributions to the Trust, leaving the Plans underfunded. Plaintiffs would suffer an actual injury if the Plans fail to pay benefits, but Plaintiffs do not allege that the Plans have not paid benefits. *See Duncan v. Muzyn*, 885 F.3d 422, 427 (6th Cir. 2018) ("So what is Plaintiffs' injury here? Start with what it is not: any actual loss or decrease in their benefits.") The Eighth Circuit has not addressed whether and to what degree underfunding of a defined benefit plan is sufficient to show an imminent injury. Based on the standard from *In re SuperValu*, there must be a substantial risk that benefits will be affected, or plan default must be certainly impending. *See also Duncan*, 885 F.3d at 428 (A "beneficiary under a defined-benefit plan suffers an injury only where the challenged action puts his defined benefits in jeopardy.") (citing *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 255 (2008)).

---

the plan is overfunded. *Thole*, 873 F.3d at 630; *McCullough*, 585 F.3d at 1084; *Harley*, 284 F.3d at 906. In the most recent case, the Eighth Circuit clarified that these cases concern whether a participant has statutory standing to sue, not constitutional standing at issue here. *Thole*, 873 F.3d at 630.

The Court finds that Plaintiffs do not allege an imminent injury. SSM Health's financial statements show that SSM Health has made annual contributions averaging more than $100 million over the past three years and that the Plans have sufficient assets to pay benefits for a decade even if these contributions ceased. SSM Health 2016 Audited Financial Statement at 41 (showing estimated future benefit payments from 2017-2026 are less than assets). During oral argument, Plaintiffs' counsel argued that the Plans *could* default and that *if* SSM Health terminated the Plans, then participants *would* not receive benefits. [Hearing Transcript at 16-17]. But Plaintiffs have failed to allege that the Plans are terminating or that SSM Health would be unable to cover the alleged underfunding if the Plans terminate. Circuit courts have rejected similar hypothetical risks. *See Duncan*, 885 F.3d at 428-29 ("Plaintiffs will only be harmed *if* the Plan runs out of money and *if* the TVA refuses to make up the shortfall *while* Plaintiffs are still receiving benefits from the Plan.") (emphasis original); *Lee*, 837 F.3d at 529-31 (concluding that "constitutional standing for defined-benefit plan participants requires imminent risk of default by the plan, such that the participant's benefits are adversely affected," and collecting appellate decisions that have reached the same conclusion); *Perelman v. Perelman*, 793 F.3d 368, 375 (3d Cir. 2015) (finding a risk of future adverse effects on benefits is not an injury in fact); *David v. Alphin*, 704 F.3d 327, 338 (4th Cir. 2013) ("We find these risk-based theories of

standing unpersuasive, not least because they rest on a highly speculative foundation lacking any discernible limiting principle.") Plaintiffs' allegations of future harm are speculative and insufficient to confer standing.

Plaintiffs also argue that they are harmed because the Plans are not insured by the Pension Benefit Guarantee Corporation. PBGC insurance only provides a benefit if a plan terminates underfunded, which has not occurred here. Therefore, lack of insurance also is a risk of a future harm and one that the Court finds to be speculative rather than imminent. *See Krauter v. Siemens Corp.*, No. 17-1662, 2018 WL 921542, at *3 (3d Cir. Feb. 16, 2018) (finding claim regarding lack of insurance for retirement benefit was speculative because the plaintiff "would only be harmed by [its] absence if there were to be a default").

Another district court examining whether participants in a church plan had standing to bring ERISA funding claims recently held the opposite. *See Boden v. St. Elizabeth Med. Ctr., Inc.*, No. CV 16-49-DLB-CJS, 2018 WL 1629866, at *3-7 (E.D. Ky. Apr. 4, 2018). In doing so, the court rejected the Fifth Circuit's analysis in *Lee*, and found that a participant bringing a claim under § 1132(a)(2) need not show an individual injury but must show an injury to the plan. *Id.* at *5. This Court does not find the reasoning persuasive and is bound by different precedent. The Eighth Circuit has rejected the notion that an uninjured participant has standing to sue under § 1132(a)(2) on behalf of the plan. *McCullough*, 585 F.3d at 1086. The

*Boden* decision is also difficult to reconcile with the Sixth Circuit's decision in *Duncan* issued shortly before *Boden*. The Sixth Circuit found a depletion of assets did not put the plan at risk of default and that plaintiffs' injury was hypothetical, citing approvingly to *Lee*. *Duncan*, 885 F.3d at 429.

**Counts II, V, and VI**

Deprivation of a procedural right created by statute must be accompanied by "some concrete interest that is affected by the deprivation." *Spokeo*, 136 S.Ct. at 1549 (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009)). A "concrete" intangible injury based on a statutory violation must constitute a "risk of real harm" to the plaintiff. *Id.* Plaintiffs allege that the various documents under which the Plans and Trust are established, the summary plan description, and benefit statements are not compliant with ERISA's procedural requirements (Counts II, V, and VI). But the FAC does not connect these procedural violations to any concrete injury suffered by the Plaintiffs. *See Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 585 (6th Cir. 2016) ("[I]t is not sufficient merely to state, as Plaintiffs do, that the plan is deficient without showing which specific fiduciary duty or specific right owed to them was infringed.")

Plaintiffs also allege that SSM entirely failed to provide them with summary annual reports and funding notices. Plaintiffs argue that depriving them of their right to actuarial and financial information is an injury-in-fact. Plaintiffs ignore

that intangible injuries must still be connected to a risk of real harm. *Spokeo*, 136 S.Ct. at 1549. Plaintiffs have shown no risk of real harm.

**Count IV**

Plaintiffs have pled no particularized injury for Count IV because they fail to allege that any of them took lump sum benefits that were allegedly improperly calculated. At least one of the named plaintiffs must have standing to proceed. *See Horne v. Flores*, 557 U.S. 433, 446 (2009); *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264 n.9 (1977).

**Count VII**

In Count VII Plaintiffs seek to clarify their future benefits under ERISA §§ 502(a)(1)(B) and (a)(3), 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3). This claim is based on the same alleged ERISA violation in Count II: failure to provide ERISA-compliant benefit statements. To bring a claim under §§ 1132(a)(1)(B) and (a)(3), Plaintiffs still must show a constitutional injury. *Soehnlen*, 844 F.3d at 584. Like Count II, Count VII is devoid of any concrete injury.

**Count IX**

For all of the same reasons that Plaintiffs have failed to allege an injury-in-fact related to their ERISA claims, Plaintiffs also lack standing for their allegation that the church plan exemption, as applied to SSM Health's Plans, violates the Establishment Clause. *See Overall v. Ascension*, 23 F. Supp. 3d 816, 833 (E.D.

Mich. 2014) (dismissing similar constitutional challenge to the church plan exemption because the allegations "are simply generic recitations of perceived harms").

**Counts X-XII**

Plaintiffs' lack of concrete injury regarding the Plans' funding leaves them without standing to bring their state law claims as well. Principles of trust law also compel a finding that they do not have standing. "As a general rule, a beneficiary may not bring an action at law on behalf of a trust against a third party." *Int'l Ass'n of Fire Fighters, Local 2665 v. City of Clayton*, 320 F.3d 849, 851 (8th Cir. 2003) (citing Restatement (Second) of Trusts § 281(1) (1957)). "The right to bring such an action belongs to the trustee." *Id.* (citing Restatement (Second) of Trusts § 280). Participants are beneficiaries of the Trust. In Counts X-XII, under three different theories, Plaintiffs seek to have SSM Health make contributions to the Trust. They do not have standing for these claims.

## Conclusion

Based upon the foregoing analysis, the Court concludes that Plaintiffs lack fundamental standing to bring this action. There currently exists no actual case or controversy such that the Court may exercise jurisdiction over the asserted claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss for lack of standing [Doc. No. 82] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' FAC against Defendants is dismissed for lack of standing.

Dated this 23rd day of July, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE